WAYNE MILES,                          )
                                      )
     Petitioner,                     )
                                      )
v.                                    )          NO. 3:03-631
                                      )          JUDGE HAYNES
FRED RANEY, Warden,                   )
                                      )
     Respondent.                     )

## M E M O R A N D U M

Petitioner, Wayne Miles, a state prisoner, filed this action under 28 U.S.C. § 2254 seeking to set aside his state court convictions for selling cocaine for which he received a 30-year sentence. Plaintiff asserts a claim of violation of his due process rights based upon a defect in the state court indictment. Petitioner's specific claim is that his due process rights under the Fifth and Fourteenth Amendments were violated because the indictments failed to allege that the offenses were "knowingly" committed and under Tennessee law, this defect deprived the state trial court of jurisdiction to try and sentence the Petitioner.

The Court appointed the Federal Public Defender to represent petitioner. Petitioner's counsel filed a brief in support of the petition and concedes that the merits of the petition can be decided on the record. The Respondent filed a motion to dismiss (Docket Entry No. 32) contending that this action was not timely filed, an issue that is also presented in the Petitioner's brief. (Docket Entry No. 27).

Plaintiff was convicted of three counts of selling cocaine and on his denied appeal, the Tennessee Court of Criminal Appeals affirmed his sentence. State v. Miles, 1993 WL 366569 (Tenn. Ct. Crim. App. Sept. 16, 1993). The Tennessee Supreme Court denied his application for permission to appeal. Id. Petitioner then filed a state post-conviction petition, asserting a claim for

ineffective assistance of counsel, but that petition was denied at trial and on appeal. Miles v. State, 1996 WL 12151 (Tenn. Ct. Crim. App. Jan. 11, 1996). The Tennessee Supreme Court denied Petitioner's application for permission to appeal on June 3, 1996. Id.

On February 26, 2001, Petitioner filed a state petition for writ of habeas corpus with the claim that the indictments in his case were invalid for their failure to allege that the drug selling was "knowingly." Wayne v. Miles, 2001 WL 1517023 (Tenn. Ct. Crim. App. Nov. 16, 2001) Petitioner also contended that the jury instructions that included and defined the element of "knowingly," operated as a constructive amendment to the indictment. Id. The state trial court denied relief and on appeal, the Tennessee Court of Criminal Appeals affirmed. Id. Petitioner's application for permission to the appeal to the Tennessee Supreme Court was denied on May 28, 2002.

Petitioner's pro se petition in this action was "received" in the Clerk's office of the Court on May 19, 2003 and bears a postmark of May 13, 2003. (Docket Entry No. 1).

## B. Conclusions of Law

The Antiterrorism and Effective Death Penalty Act amended 28 U.S.C. § 2244 to set time limits on the filing of federal habeas corpus petitions.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2244(d)(1).

Where as here, the petitioner had a state post-conviction proceeding, the limitation period

for a federal habeas petition is set forth in 28 U.S.C. § 2244 (d)(2) that provides as follows:

> The time during which a properly filed application for State post- conviction or other
> collateral review with respect to the pertinent judgment or claim is pending shall not
> be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In Lindl v. Murphy, 521 U. S. 320, 335 (1997) the Supreme Court held that the Antiterrorism

and Effective Death Penalty Act was to be applied prospectively, i.e., beginning after April 24, 1996.

In Brown v. O'Dea, 187 F.3d 572, 576-77 (6th Cir. 1999), the Sixth Circuit set a one year grace

period from the Act's passage, i.e., midnight of April 23, 1997, for the filing of habeas petitions for

state prisoners whose convictions were final. In Martin v. Jones, 969 F. Supp. 1058, 1061 (M.D.

Tenn. 1997) this Court concluded that the date of April 23, 1997 is the measuring point "by which

all section 2254 petitions based on final judgment rendered before the Act's enactment must be

filed."

Petitioner submits that his original petition for writ of habeas corpus review was "a properly

filed application for . . . other collateral review" under 28 U.S.C. §2244(d)(2). Petitioner notes that

Tennessee lacks a statute of limitations for the filing of a state petition for writ of habeas corpus.

Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Accordingly, Petitioner submits that this action was

timely filed, as "the date on which the judgment became final by the conclusion of direct review or

the expiration for the time for seeking such review" is May 28, 2002, the date the Tennessee

Supreme Court denied permission to further appeal the State habeas decision.

Respondent argues that the appropriate measuring date is the one year from the date of the

3

enactment of the ADEA given that Petitioner's conviction arose prior to the AEDPA.

The Court agrees with the Respondent and concludes that this petition that was received in the Clerk's office on May 19, 2003 was not timely filed because Petitioner's conviction was final at the time of the enactment of the AEDPA. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003). Thus, Petitioner had one year from the effective date of the AEDPA to file any state post-conviction or collateral proceeding and only such a "property filed application" can toll the AEDPA's limitations period. Id. Petitioner's state habeas action cannot toll the AEDPA's limitations period. Id..

Accordingly, the Respondent's motion to dismiss should be granted. An appropriate Order is filed herewith.

ENTERED this the _____6th_____ day of October, 2006

WILLIAM J. HAYNES, JR.
United States District Judge

4